**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL P. ALLEN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-01477 |
| GREAT AMERICAN FINANCE HOLDINGS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff MICHAEL P. ALLEN ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of GREAT AMERICAN FINANCE HOLDINGS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4.  Plaintiff is a disabled consumer over 18-years-of-age residing in Lake County, Illinois, which lies within the Northern District of Illinois.

5.  Defendant is engaged in the business of offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail, telephone, and credit reporting, from consumers across the country, including consumers located in the state of Illinois. Defendant is a limited liability company organized under the laws of the state of Florida, with its principal place of business located at 200 South Michigan Ave., Suite 450, Chicago, Illinois 60604. Defendant's registered agent in Illinois is Corporate Creations Network Inc., located at 350 South Northwest Highway, #300, Park Ridge, Illinois 60068.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.  In early 2021, Plaintiff became the victim of identity theft, when an unknown individual began applying for, and opening, various accounts using Plaintiff's personal information without his knowledge.

8.  One of these unauthorized transactions was approved by Defendant.

9.  Upon realizing that he was the victim of identity theft, Plaintiff immediately filed a police report with the Zion Police Department (Case Number 21-14691).

10.  Fearing that these unauthorized applications would negatively impact his credit, Plaintiff also accessed his consumer credit reports in an effort to proactively mitigate any damage to his credit.

2

11.  Much to Plaintiff's dismay, however, a handful of creditors, including Defendant, had accessed his credit report resulting in a hard inquiry ("subject account").[1]

12.  For example, on February 22, 2021, Defendant requested and received copies of all or portions of Plaintiff's personal credit information maintained by each of the credit reporting agencies ("CRAs").

13.  The CRAs furnished Plaintiff's consumer reports to Defendant on February 22, 2021 for use in collecting and/or servicing the subject account.

14.  Consequently, Plaintiff contacted the three major CRAs - Experian, Equifax, and TransUnion - and disputed the erroneous inquiries.

15.  While the majority of the hard inquiries were removed by the furnishers of information and CRAs, Defendant refused to remove the hard inquiry with respect to the subject account.

16.  Instead, Plaintiff's TransUnion report has continued to reflect the following:

| Name |
| --- |
| **GREAT AMERICAN FINANCE HO** |

| Location | Requested On | Phone |
| --- | --- | --- |
| 20 N WACKER SUITE 2275 | 02/22/2021 | (866) 944-2326 |
| CHICAGO, IL 60606 | | |

| Inquiry Type |
| --- |
| Individual |

17.  Defendant intentionally misrepresented to the CRAs that Plaintiff was attempting to obtain credit with it, had a current credit relationship, or had a current business relationship with

---

[1] "Hard inquiries generally occur when a financial institution, such as a lender or credit card issuer, checks your credit report when making a lending decision. They commonly take place when you apply for a loan, credit card or mortgage, and you typically have to authorize them. Hard inquiries could lower your credit score by a few points and may remain on your credit report for two years." *https://www.creditkarma.com/article/hard_inquiries_and_soft_inquiries* (accessed on March 29, 2017.)

Plaintiff. Defendant's misrepresentation and false certification resulted in the CRAs releasing Plaintiff's highly confidential and sensitive personal information to Defendant.

18. Plaintiff had no account or business transactions with Defendant at the time this request was made, as he was not liable for, nor did he apply, for the subject account.

19. Defendant accessed Plaintiff's consumer report without the consent or knowledge of Plaintiff.

20. Defendant both negligently and willfully violated the FCRA by impermissibly obtaining Plaintiff's consumer reports.

21. Defendant had no legitimate business need for Plaintiff's consumer reports at the time that it requested a copy of Plaintiff's credit reports from the CRAs on February 22, 2021.

22. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

23. Defendant's conduct has caused Plaintiff damages in the form of invasion of privacy, emotional distress, mental anguish, loss of sleep, and decreased credit scores.

24. Due to the conduct of Defendant, Plaintiff was forced to retain counsel and his damages include reasonable attorney's fees and costs incurred in prosecuting this claim.

25. Due to Defendant's conduct, Plaintiff is entitled to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant.

26. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in

detecting fraudulent account activity, expenses and time reasonably incurred to prevent future identity theft related losses, out-of-pocket expenses, the loss of credit opportunities, injury to reputation and credit rating, the loss of ability to purchase and benefit from a credit line, time and money expended meeting with his attorneys, monitoring his credit file, mental and emotional pain and suffering.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

29. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

30. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

31. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

32. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

33. Defendant requested and received copies of Plaintiff's consumer credit reports maintained by the CRAs without Plaintiff's consent, or for any permissible purpose, as Plaintiff never had a relationship with Defendant.

34. Defendant did not have a legitimate business need for Plaintiff's credit report on February 22, 2021 under the FCRA.

35. Defendant willfully violated §1681b(f) when it accessed Plaintiff's credit reports without any permissible purpose under the FCRA.

36. Even after Defendant was informed that it accessed Plaintiff's credit report erroneously, Defendant still willfully failed to remove the negative inquiry from Plaintiff's credit report.

37. Defendant's violations have deprived the Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

38. As pled in paragraphs 22 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL P. ALLEN, respectfully requests that this Honorable Court enter judgment his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

e. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

f. Award any other relief as this Honorable Court deems just and appropriate.

DATED this 17th day of March, 2021.                    Respectfully Submitted,


*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Michael P. Allen*